Date signed November 17, 2005



PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| FRANCIS KAMARA | : | Case No. 05-25187PM |
|     Debtor | : | Chapter 13 |
| ------------------------------- | : | |
| SOPHIE COLE | : | |
| LIONEL S. FOSTER, JR. | : | |
|     Movants | : | |
| vs. | : | |
| | : | |
| FRANCIS KAMARA | : | |
|     Respondent | : | |
| ------------------------------- | : | |

**MEMORANDUM OF DECISION**

　　This case is before the court on the Motion of Sophie Cole and Lionel S. Foster, Jr., Debtor's sister and brother-in-law, who seek relief from the stay to allow them to proceed in state court to enforce the Debtor's obligation under a real estate Contract of Sale to sell to a third party the real property known as 2804 Beaver Lodge Court, Hyattsville, Maryland, that is currently occupied by the Debtor and his family. Debtor scheduled this property with a value of $375,000.00 in his Schedules filed July 19, 2005. That same date, he entered into a contract, together with his sister and brother-in-law to sell the property for $511,000.00. The property is subject to secured claims of $235,897.63, the bulk of which is owed to the lender, CitiMortgage, whose proof of claim recites an arrearage of $33,790.46. The motivation for the filing of this second bankruptcy case by the Debtor was to head off a threatened foreclosure by CitiMortgage.

The moving parties seek an order of this court so as to enable the Contract of Sale to be consummated.  What appears in dispute between Debtor and the Movants is not the issue of sale *vel non* but rather the distribution of the proceeds of the sale.  The Debtor asserts that the moving parties merely acted as accommodation parties to enable him to obtain a loan, the proceeds of which were used to purchase the property, and that such payments that have been made since this loan was obtained on August 27, 2001, were made by the Debtor.

There appears to be substantial equity in the real property.  While cause might exist for these interested parties to obtain relief from the stay, the court believes that the most efficient way of handling this matter would be by means of an Adversary Proceeding filed in this court, or by means of a Complaint filed in the Circuit Court for Prince George's County, Maryland.  The court believes that adding an action for specific performance would merely create another bump in the road, particularly in view of the fact that this Contract was entered into without compliance with the requirements of the Bankruptcy Code that would enable the Debtor to sell this property out of the ordinary course of business pursuant to § 363(b) of the Bankruptcy Code.

An appropriate Order will be entered.

cc:
Richard Mlynek, Esq., Coover Barr & Tiedemann, 10500 Little Patuxent Parkway,
    Suite 420-Parkside Building, Columbia, MD 21044
Francis Kamara, 2804 Beaver Lodge Court, Hyattsville, MD 20785
Anthony A. Keder, Esq., 4332 Farragut Street, Hyattsville, MD 20781
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902

**End of Memorandum**